(December 27, 1988)

■ ASTRO SECURITY INTERNATIONAL CORP., Respondent, v GUS BEVONA et al., Appellants.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered January 4, 1988, which, *inter alia,* denied a cross motion by the defendants to confirm arbitration awards, unanimously reversed, on the law and the facts, and the cross motion to confirm the arbitration awards granted, without costs.

In January 1984 the defendant Local 32B-32J and the Service Employers Association (SEA) entered into a collective bargaining agreement which was to run from January 1, 1984 through December 31, 1986. Electra Cleaning Contractors Corporation was a member of the SEA and became bound by the agreement. At that time Electra had a wholly owned subsidiary, Tiempo Security Corporation, which provided security services to a number of locations in New York City. In January 1985 a "Stock for Stock" exchange was agreed to between Electra and Tiempo. Subsequently, Tiempo changed its name to Astro Security International Corp., the plaintiff here.

We reverse for two reasons. First, while the entire collective bargaining agreement has not been included in the record on appeal, it is undisputed that the agreement covered Electra and its subsidiaries. Second, by a letter dated January 24, 1985 from Steven Romer, the president and principal shareholder of Tiempo, to Local 32B-32J, Tiempo agreed to abide by the terms of the collective bargaining agreement. Although Astro now claims that it adhered to the agreement by duress, there is no evidence of duress and it is clear that Astro paid wages and provided other benefits in accordance with the agreement. Here, Astro defaulted on the arbitration proceedings and it is required to contribute to the union's pension and welfare funds those amounts determined to be due by the arbitrators. Concur—Murphy, P. J., Carro, Asch, Milonas and Smith, JJ.